# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOHN HEGELER,

    Plaintiff,

    v.

THE ILLINOIS STATE TOLL HIGHWAY AUTHORITY, JACK HARTMAN, JEFF DAILEY, BRIAN McPARTLIN,

    Defendants.

No. 05 C 2739
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff John Hegeler, a citizen of Illinois, filed a Complaint against his former employer, the Illinois State Toll Highway Authority ("ISTHA") in the Circuit Court of the Twelfth Judicial Circuit of Will County, Illinois. There are seven counts in Plaintiff's Complaint, all of which are based on the same nucleus of operative facts: Plaintiff's termination from ISTHA. Counts I through V and Count VII are based exclusively on Illinois state law. However, in Count VI, Plaintiff invokes rights arising "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Count VI reads, in relevant part, "[d]efendant's actions leading to [plaintiff's] dismissal deprived him of his Due Process rights afforded to [him] by the United States and Illinois Constitutions." (Compl., ¶ 93.)[1]

---

[1] Plaintiff's entire claim of Due Process Violations (Count V) reads as follows:
    91. Plaintiff alleges Paragraphs 1-90 of Counts I-V as Paragraphs 1-91 of this Count.
    92. Plaintiff had a property interest in his job, and continued employment with, the Illinois Tollway.
    93. Defendant's actions leading to his dismissal deprived him of his Due Process rights afforded to her (sic) by the United States and Illinois Constitutions.

Defendants removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiff has moved to remand the Complaint to state court pursuant to 28 U.S.C. § 1447(c), claiming that the lack of a federal question in the Complaint renders the removal improper. Plaintiff has also requested expenses and attorneys' fees incurred as a result of wrongful removal.

Under 28 U.S.C. § 1441 (b), "[t]he two requisites of removal are that the action was properly commenced in state court and that it could have been originally commenced in federal court." *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 248 (7th Cir. 1981). Furthermore, "the burden of establishing federal jurisdiction falls on the party seeking removal." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Since there is no doubt that the present matter was properly commenced in state court, the only issue is whether it could have been commenced in federal court.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]or a claim to arise 'under the Constitution, laws, or treaties of the United States,' 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (citation omitted); *accord Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986) (stating that "[f]ederal jurisdiction cannot be based on a frivolous or insubstantial federal question"). Even when a plaintiff asserts several bases for relief in his Complaint, so long as one of those bases depends exclusively on federal law and is not a frivolous claim, federal question

---

94. Plaintiff was damaged by Defendant's denial of his Due Process rights.

(Compl., ¶¶ 91-94.)

jurisdiction exists. *See Davis v. Rodriguez*, 106 F.3d 206, 208-09 (7th Cir. 1997) (distinguishing a claim where the federal question is an independent basis for relief from one in which the federal question is but an element of a claim for relief based on state law).

Plaintiff first argues that the federal question presented in his Complaint is not an essential element of his claim because he could find complete relief without reliance on federal law. While Plaintiff's premise is true, the possibility for complete relief on state law grounds is insufficient to defeat federal question jurisdiction. *See Davis*, 106 F.3d at 208.[2] Plaintiff also suggests that because state courts have concurrent jurisdiction to hear federal constitutional issues, his reference to the federal Constitution is subordinate to his state law claims. However, the existence of concurrent jurisdiction for state and federal courts in actions arising under the Constitution, laws, or treaties of the United States does not itself bar removal. *See, e.g.*, *Ullmo v. Gilmour Acad.*, 273 F.3d 671, 680 (6th Cir. 2001). Rather, the Seventh Circuit made clear in *Davis* that "[w]hat is germane is 'whether the federal district court would have had original jurisdiction of the case had it been filed in that court.'" 106 F.3d at 208 (citation omitted).

Plaintiff next argues that because he makes only a single, isolated reference to the federal Constitution and because the reference is coupled with a reference to the Illinois Constitution, the federal question presented in his Complaint "is only collateral to the state law cause of action

---

[2] "[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case." *Great N. Ry. v. Alexander*, 246 U.S. 276, 282 (1918); *accord Davis*, 106 F.3d at 208 (stating "[u]nder the well-pleaded complaint rule, it is well-established that the 'plaintiff [is] the master of the claim' and may thus 'avoid federal jurisdiction by exclusive reliance on state law'" (citation omitted)). These principles do not establish that a plaintiff may have his cake and eat it, too. A plaintiff may not seek the benefit of independent claims based on federal law in state court without accepting the corollary risk that the case will be removed to federal court.

3

requested." (Pl.'s Rep., 4; Compl., ¶ 93.) The brevity of Plaintiff's federal claim does not render it collateral to his state law claims; rather, a collateral federal claim is one that is a subordinate element of a state law claim. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1171 (5th Cir. 1988) (finding that removal was improper because the federal issue was collateral to a state law claim when plaintiff claimed he was wrongfully discharged under state law for his refusal to violate federal law). Similarly, the predominance of state law claims does not render the single federal claim collateral to the state law issues.

On its face, the Complaint clearly states a federal claim that is neither insubstantial nor merely rhetorical.[3] Moreover, nothing in Count VI indicates that the federal ground for relief is subordinate or collateral to the state-law grounds for relief. Rather, Count VI asserts two independent bases for relief: the United States Constitution and the Illinois Constitution. Although Plaintiff's state law claims predominate, Plaintiff's decision to assert federal law as an independent basis for relief creates a federal question that is not merely collateral to a question of state law. Indeed, claims by government employees that they were deprived of a property interest in their jobs without due process are commonly adjudicated in federal courts. Federal jurisdiction would have existed under 28 U.S.C. § 1331 had the Complaint been filed originally

---

[3]Plaintiff suggests that *Davis* is inapposite to this case, as the *Davis* plaintiff included federal constitutional claims within the first count of his complaint. *See Davis*, 106 F.3d at 207. However, in *Davis* the plaintiff's assertion of a single right under the federal Constitution was sufficient to find a federal question. *Id.* at 208-09. Moreover, *Merrell Dow Pharm, Inc. v. Thompson* does not stand for the proposition that the order of issues within a Complaint determines the nature of the claims and whether a federal question is present. 478 U.S. 804, 814 n. 11 (1986). If the sequence of counts in a complaint was to be determinative of jurisdiction, plaintiffs would be able to forum-shop based on the structure, rather than the substance, of their claims.

in federal court. Plaintiff's Complaint was thus properly removed, and Plaintiff's motion to remand the Complaint is denied.

For the reasons stated herein, Plaintiff's Motion to Remand Complaint to the Circuit Court of the Twelfth Judicial Circuit is DENIED. Plaintiff's request for expenses is denied as moot.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 22, 2005